**EXHIBIT A**

**EXHIBIT A**

30501265

FILED

18 JAN 31 PM 4:15

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-02749-7 SEA

STATE OF WASHINGTON SUPERIOR COURT
FOR THE COUNTY OF KING

| | |
|---|---|
| YOLANDA MADRY, an Individual, )<br><br>Plaintiff, )<br><br>vs. )<br><br>KING COUNTY DEPARTMENT OF )<br>TRANSPORTATION (KCDOT), )<br>WASHINGTON )<br><br>Defendant. )<br> ) | Case No.<br><br><br>**FIRST COMPLAINT FOR DAMAGES** |

COMES NOW Plaintiff, Yolanda Madry, by and through her attorney, and alleges as follows:

## I.    INTRODUCTION

1.1 Plaintiff alleges complaints against the defendant, King County Department of Transportation (KCDOT), for violating Plaintiff's Due Process Rights, Freedom of Speech Rights, for Retaliation against Plaintiff for participating in protected activities under Title VII, and race discrimination.

Nolan Lim Law Firm, PS
529 Warren Ave. N, STE 201
Settle, WA 98122
(206) 774-8874

## II.    PARTIES

2.1 Plaintiff Yolanda Madry is an individual residing in Seattle, Washington, who was previously employed by King County Department of Transportation, (hereinafter "KCDOT"). At the time of Plaintiff's termination, Plaintiff was employed as a Human Resources Associate with King County.

2.2 KCDOT is a Washington governmental agency that constructs, maintains, and regulates the use of the state's transportation infrastructure. It is incorporated in the state of Washington.

2.3 Defendant's jurisdiction is in Western Washington and the Defendant has availed itself of the benefits and protections of the laws of the State of Washington.

## III.    JURISDICTION AND VENUE

3.1 Jurisdiction and venue are proper as all alleged acts took place in King County, Washington, and all parties have availed themselves to the laws of Washington State.

## IV.    FACTS

4.1 On May 4, 2015 KCDOT offered a HR position to which Plaintiff accepted as Term Limited Position. Madry's offer letter stated the position would last till December 31, 2016.

4.2 From May 4, 2015 through September 2015, Plaintiff received no written reprimands for improper behavior or performance.

4.3  On August 21, 2015, Plaintiff received mostly sufficient remarks when Ms. Martinez Morales, Plaintiff's direct supervisor, reviewed Plaintiff's work performance. Of note, the

COMPLAINT FOR DAMAGES – Page **2** of **9**

Nolan Lim Law Firm, PS
529 Warren Ave. N, STE 201
Settle, WA 98122
(206) 774-8874

performance review pointed out no specific incidents of workplace misconduct, negative comments made by Plaintiff, or impropriety.

4.4 On Monday, September 28, 2015, Ms. Martinez-Morales directed an offensive biased racial statement towards Plaintiff who is African-American. Martinez-Morales explicitly stated to Plaintiff "...he is African-American, so you know he is going to use the race card." Martinez Morales was referring to a male African American candidate who did not get a job that he applied for with King County.

4.5 Plaintiff was speechless and extremely offended that her direct supervisor, a Hispanic Female, felt comfortable enough to stereotype an African-American coworker's potential reactions to not being hired for a job. Plaintiff left the room shocked that her supervisor degraded a Black employee's credentials and motives in front of her.

4.6 Plaintiff reported the offensive "race card" statement to KCDOT Labor Relations Investigator, James Moreau, on September 29, 2015. Moreau communicated to Plaintiff that he would take note of her complaint. Plaintiff requested that Moreau investigate Martinez-Morales behavior.

4.7 On or about October 2, 2015, Ms. Martinez-Morales initiated an investigation into alleged workplace misconduct against Plaintiff.

4.8 On or about October 2, 2015, Martinez-Morales reported to her direct supervisor, Susan Eddy, that Plaintiff was allegedly trying to access a recruitment record in NEOGOV pertaining to her own application for employment.

Nolan Lim Law Firm, PS
529 Warren Ave. N, STE 201
Settle, WA  98122
(206) 774-8874

4.9 Ms. Eddy, an HR Manager II conducted the investigation herself. Of note, Ms. Martinez-Morales and Ms. Eddy have been working for KCDOT for several years together and have a close working relationship.

4.10     Eddy's investigation revealed that Plaintiff's access into a position record that she applied for was an inadvertent mistake. Plaintiff accessed a position she applied for because there was a candidate, Lori Blanton, who was selected for a Transit Administrative Support Specialist III – HR (TASS III – HR).

4.11     Ms. Eddy's investigation did not reveal any evidence showing that Plaintiff tried to access other candidate profiles or access NEOGOV to secure a personal advantage in the recruiting process.

4.12     On October 4, 2015, KCDOT decided to terminate Plaintiff's employment.

4.13     KCDOT's October 4, 2015 termination letter to Plaintiff included false allegations of workplace misconduct against Plaintiff and further stated that she was investigated multiple times for Workplace Misconduct.

4.14     The termination letter stated that Plaintiff was investigated for alleged improper NEOGOV use and investigated for alleged "negative comments" about one of her coworkers. To this date, Plaintiff has only found one instance (the investigation conducted by Ms. Eddy involving NEOGOV use) of her workplace conduct being investigated.

4.15     Plaintiff did not receive a name clearing hearing in front of her former KCDOT management staff.

## V.     CAUSES OF ACTION

Nolan Lim Law Firm, PS
529 Warren Ave. N, STE 201
Settle, WA  98122
(206) 774-8874

**5.1 Violations of Plaintiff's Due Process Rights.** Defendant violated Plaintiff's Fourteenth Amendment right by refusing to afford Plaintiff an opportunity for a hearing to clear her name.

**5.2 Violations of Plaintiff's Freedom of Speech Rights.** Plaintiff expressed her opinions to KCDOT that she felt that her supervisor's "Race Card" statement was offensive based on her Race and the Race of the Black candidate. Rather than give Plaintiff the right to state her opinion about what easily could be considered an offensive racial statement, the defendant terminated her shortly after she exercised her free speech rights. Defendant also terminated Plaintiff based on "negative comments" about a co-worker which should be protected speech under the first amendment.

5.3 **Retaliation against Plaintiff for Participating in Protected Activities under Title VII.** Plaintiff participated in a protected activity by communicating to Mr. Moreau that she was offended by Martinez-Morales's "race card" comment. The proximity of Plaintiff's termination shortly after she made a complaint of racial harassment and discrimination infers a strong case of retaliation against KCDOT.

5.6 **Race Discrimination under RCW § 49.60.** Ms. Martinez-Morales prejudiced statement referring to another African-American employee potentially playing the "race card" shows that Plaintiff's direct supervisor has a negative bias towards African-Americans and specifically African-Americans who allege discrimination against their employer.

**FIRST CAUSE OF ACTION**
**(Violations of Plaintiff's Due Process Rights)**

5.7 Plaintiff incorporates and realleges paragraphs 1-5.6 as if fully set forth herein.

Nolan Lim Law Firm, PS
529 Warren Ave. N, STE 201
Settle, WA 98122
(206) 774-8874

5.8 Defendants failed to provide Plaintiff an opportunity to clear her name, such purpose is to afford the aggrieved employee an "opportunity to be heard and to refute the charges disseminated against her.

5.9 Failure to provide a "name-clearing" hearing in such a circumstance is a violation of the Fourteenth Amendment's due process clause.

5.10     In the case at bar, Plaintiff was refused a clearing hearing and KCDOT has stigmatized Plaintiff by placing the termination letter in her personnel file.

5.11     Plaintiff currently must apply for work with falsely documented notation in her personnel file that she was terminated for the spreading of negative information about employees, inappropriately using software for personal gain, and unsatisfactory performance. All of these false statements create a humiliating stigma against Plaintiff and caused irreparable harm.

5.12     Defendant violated Plaintiff's Fourteenth Amendment right by refusing to afford Plaintiff an opportunity for a hearing to clear her name.

### SECOND CAUSE OF ACTION
### (Violations of Plaintiff's Freedom of Speech Rights)

5.13     Plaintiff incorporates and realleges paragraphs 1-5.6 as if fully set forth herein.

5.14     Under both federal and state law, an employer may not stifle an employee's right to freedom of speech or expression.

5.15     Here, Plaintiff was engaged in a constitutionally protected activity; the defendant's adverse action caused the plaintiff to suffer an injury that would likely chill a person of ordinary firmness from continuing to engage in that activity; the adverse action was motivated at least in part as a response to the exercise of the plaintiff's constitutional rights;

COMPLAINT FOR DAMAGES – Page **6** of **9**

Nolan Lim Law Firm, PS
529 Warren Ave. N, STE 201
Settle, WA 98122
(206) 774-8874

the employee's speech was a matter of "public concern"; and the interest of the employee as a citizen, in commenting on matters of public concern, outweighs the employer's interest in promoting the efficiency of the public services it performs through its employees.

5.16     In the case at bar, Plaintiff expressed her opinions to KCDOT that she felt that her supervisor's "Race Card" statement was offensive based on her Race and the Race of the Black candidate.

5.17     Rather than give Plaintiff the right to state her opinion about what easily could be considered an offensive racial statement, the defendant terminated her shortly after she exercised her free speech rights.

5.18     Plaintiff incorporates and realleges paragraphs 1-5.6 as if fully set forth herein.

5.19     Under Washington state law, employers cannot retaliate against employees for participating in protected activities. The elements for a retaliation claim require an employee to prove that: (1) they participated in a protected activity; (2) They were subjected to an adverse employment action; and (3) There is a causal connection between the adverse action and the protected activity.

5.20     Plaintiff participated in a protected activity by communicating to Mr. Moreau that she was offended by Martinez-Morales's "race card" comment when describing Mr. Jones' potential reaction to not being hired.

5.21     Rather than investigate the Plaintiff's complaint of racial discrimination and harassment complaints, KCDOT made the decision to terminate Plaintiff for the pretextual reason that Plaintiff violated KCDOT's behavioral expectations.

5.22     Further, KCDOT's, HR Manager, Adrienne Leslie even fabricated the fact that Plaintiff was investigated earlier in her employment tenure for allegedly making negative

Nolan Lim Law Firm, PS
529 Warren Ave. N, STE 201
Settle, WA  98122
(206) 774-8874

comments about one of her coworkers. Plaintiff recalls no investigation into her behavior occurring and a Public Record Act request has shown no investigation documents showing that KCDOT investigated Plaintiff making negative comments.

5.23        Thus, the proximity of Plaintiff's termination shortly after she made a complaint of racial harassment and discrimination infers a strong case of retaliation against KCDOT.

## THIRD CAUSE OF ACTION
### (Racial Discrimination under RCW § 49.60)

5.24        Plaintiff realleges paragraphs 1-5.6 of the Complaint and hereby incorporates the same by reference.

5.25        A prima facie case of discrimination under the Washington Law Against Discrimination (WLAD) requires a showing that an employee was: "(1) [a member of a protected class], (2) subject to an adverse employment action, (3) doing satisfactory work, and (4) discharged under circumstances that raise a reasonable inference of unlawful discrimination." Callahan vs. Walla Walla Housing Authority, 126 Wn.App. 812, 819-20 (2005).

5.26        In the case at bar, there is significant evidence that KCDOT's reason for her termination was a pretext for discrimination based on her being African-American.

5.27        Ms. Martinez-Morales prejudiced statement referring to another African-American employee potentially playing the "race card" shows that Plaintiff's direct supervisor has a negative bias towards African-Americans and specifically African-Americans who allege discrimination against their employer.

## FOURTH CAUSE OF ACTION

### (Retaliation against Plaintiff for Participating in Protected Activities under RCW § 49.60)

Nolan Lim Law Firm, PS
529 Warren Ave. N, STE 201
Settle, WA 98122
(206) 774-8874

5.28 Plaintiff participated in a protected activity by communicating to Mr. Moreau that she was offended by Martinez-Morales's "race card" comment. The proximity of Plaintiff's termination shortly after she made a complaint of racial harassment and discrimination infers a strong case of retaliation against KCDOT.

## VI.   PRAYER FOR RELIEF

WHEREFORE:  Plaintiffs prays for relief as follows:

6.1 Damages for back pay, front pay, lost benefits, and all other economic losses proximately caused by Defendants;

6.2 Damages for pain and suffering, mental anguish, emotional distress, and humiliation;

6.3 Prejudgment interest in an amount to be proved at trial;

6.4 Compensation for any tax penalty associated with a recovery;

6.5 Reasonable attorney's fees and costs; and

6.6 Whatever further and additional relief the court shall deem just and equitable.

\ \ \ \

Dated this 31ST day of January, 2018.

/s/*Nolan Lim*

Nolan Lim, WSBA #36830
Attorneys for Plaintiff
529 Warren Ave. N. Ste. #201
Seattle, WA 98109
Office: (206) 774.8874
Fax: (206) 430-6222
NOLAN@NOLANLIMLAW.COM

Nolan Lim Law Firm, PS
529 Warren Ave. N, STE 201
Settle, WA  98122
(206) 774-8874

COMPLAINT FOR DAMAGES – Page **9** of 9