UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YOLANDA MADRY,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>KING COUNTY DEPARTMENT OF TRANSPORTATION (KCDOT),<br><br>　　　　　　Defendant. | C18-402 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on Plaintiff's Motion for Partial Summary Judgment re Plaintiff's Due Process Claim, docket no. 13, Defendant's Motion for Summary Judgment, docket no. 16, and Plaintiff's Motion for Leave to Amend Complaint, docket no. 22. Having reviewed all papers filed in support of, and in opposition to, the motions, the Court enters the following order.

**<u>Background</u>**

**1.　Plaintiff's Employment**

Plaintiff Yolanda Madry, who is African American, was employed by the King County Department of Transportation in the Metro Transit division in April 2015. Plaintiff was terminated in October 2015. *See* Declaration of Donna Bond, docket no. 17,

ORDER - 1

Ex. A, 24:5-7; 27. Plaintiff was initially hired into Transit HR as a Transit Administrative Assistant III, but after three weeks she was classified as an HR Associate (sometimes referred to as Recruiting Coordinator). *See* Bond Decl., docket no. 17, Ex. A at 29:13-31:24, & pp. 24-25. Throughout her employment, Plaintiff was classified as a term-limited temporary ("TLT") employee. *Id.*, Ex. A at 25. Senior HR Analyst Ivette Martinez-Morales reviewed Plaintiff's job performance in August 2015. *See id.*, Ex. C at 62:10-72:77 & pp. 13-15. Her review concluded that Plaintiff should improve in several areas, including timely completion of tasks, prioritization, communication, ability to work independently, and problem solving. *Id.* Plaintiff views the review as mostly satisfactory, but does not dispute that it contained two insufficient ratings. *See* Pltf.'s Opp., docket no. 24, at 3.

### 2. Associate In-Fighting

During Plaintiff's employment, Transit HR advertised an open position for a permanent, career service HR Associate. *See* Leslie Decl., docket no. 18, ¶ 10. Management learned that the existing cohort of TLT HR Associates was experiencing interpersonal difficulties, which might have been related to competition for the open position. *See* Declaration of Susan Eddy, docket no. 20, ¶ 5; Leslie Decl., docket no. 18, ¶ 10; Martinez-Morales Decl., docket no. 19, ¶ 5. Susan Eddy[1] and Martinez-Morales

---

[1] Eddy was another of Leslie's direct reports, and during Plaintiff's tenure with Transit HR served as Senior HR Analyst. *See* Eddy Decl., docket no. 20, ¶ 4.

were tasked with looking into the situation, and ultimately concluded no investigation was warranted.

### 3. Failure to Send Conditional Offer Letter

On September 28, 2015, Martinez-Morales reviewed a pre-employment packet for a Lead Rail Facilities Mechanic recruitment. *See* Martinez-Morales Decl., docket no. 19, ¶ 7. Martinez-Morales discovered that the candidate in question failed to meet certain requirements, and the offer would need to be rescinded. *Id.* Unable to locate a copy of the conditional offer letter in the candidate's file, Martinez-Morales asked Plaintiff for a copy. *Id.* Plaintiff mistakenly had not sent the candidate such a letter. *See* Bond Decl., docket no. 17, Ex. A at 81:21-82:4. Plaintiff has testified both that her failure "was a mistake" and that she "forgot," but also that Martinez-Morales failed to inform Plaintiff that a verbal offer had been made, which in turn meant that Plaintiff was not aware that a conditional offer letter needed to be sent. *Compare id.* at 82:2-4 (Plaintiff describing her own mistake) *with id.* at 81:6-7, 92:18-93:9 (Plaintiff testifying that Martinez-Morales caused the mistake by failing to inform Plaintiff of the verbal offer). Plaintiff does not dispute that normally a conditional offer letter is sent. *Id.* at 89:16-90:25.

Upon learning that the candidate did not receive a conditional offer letter, Martinez-Morales became concerned about potential risk. *See* Bond Decl., docket no. 17, Ex. C at 73:9-74:13. Plaintiff testified that at this point, Martinez-Morales used derogatory, racially-tinged language to describe the candidate. Specifically, Plaintiff contends that Martinez-Morales said that the candidate was "African-American, so you know he's going to use the race card as to why he didn't get the job." *Id.*, Ex. A at 82:10-

ORDER - 3

12. Martinez-Morales denies making the comment. *See* Martinez-Morales Decl., docket no. 19, ¶ 7.

### 4. Plaintiff's Complaint Regarding the "Race Card" Comment

On the same day that Martinez-Morales allegedly made the "race card" comment to Plaintiff, Plaintiff reported the statement to Employee and Labor Relations Representative James Moreau. *See* Bond Decl., docket no. 17, Ex. A at 91:19-92:17. Moreau testified that he did not tell anyone about his conversation with Plaintiff until after Plaintiff's termination. *See id.*, Ex. D at 22:7-27:8. Plaintiff also claims that she spoke about the "race card" comment to Senior HR Analyst Jose Dominguez on September 29, 2015 and to Employee and Labor Relations Representative Anh Hoang on October 5, 2015. *See id.*, Ex. A at 84:6-19, 100:1-101:7, 113:1-114:11. Hoang does not recall Plaintiff making such an allegation, and in any event did not convey the allegation to anyone else. *See* Declaration of Anh Hoang, docket no. 21, ¶¶ 4-6, Ex. A. The individuals involved in Plaintiff's termination have testified that they did not learn about the alleged "race-card" comment until after the termination. *See* Leslie Decl., docket no. 18, ¶ 17; Martinez-Morales Decl., docket no. 19, ¶ 8; Eddy Decl., docket no. 20, ¶ 17.

### 5. Accessing Neogov

Transit HR officials also identified Plaintiff as having made changes to their internal recruitment tracking system, Neogov, without permission. On October 1, 2015, Martinez-Morales noticed that a candidate for one of Martinez-Morales's recruitment positions was also listed as a candidate for another position in the department. Upon further searching, Martinez-Morales discovered that Plaintiff was also listed as an

ORDER - 4

applicant for the other position, and that all applicants for that position had been moved to the testing stage of the application process. Martinez-Morales referred the matter to Leslie, who placed Plaintiff on administrative leave on October 5, 2015 pending the results of an investigation. *See* Leslie Decl., docket no. 18, ¶ 12, Ex. B.

### 6. Plaintiff's Termination

After the investigation concluded, Leslie decided to terminate Plaintiff's temporary employment. *See* Leslie Decl., docket no. 18, ¶ 14, Ex. C. By letter dated October 16, 2015, Leslie notified Plaintiff of that she was being terminated. Madry Decl., docket no. 15, Ex. D. The termination letter summarized the basis for Plaintiff's termination. *Id.* Plaintiff submitted a letter in response, which is also included in her personnel file. *See* Bond Decl., docket no. 17, Ex. A at 57-58.

## Discussion

### 1. Plaintiff's Motion for Leave to File First Amended Complaint (Docket No. 22)

Plaintiff seeks leave to amend her complaint to change the name of the entity being sued from King County Department of Transportation ("KCDOT") to King County. *See* Pltf.'s Mot. for Leave to Amend Compl., docket no. 22. The proposed complaint contains few changes: it changes the named defendant to King County, and contains several other non-substantive changes, most notably it clarifies that Plaintiff's discrimination claims are grounded solely in state law and disclaims any attempt to plead violations of Title VII of the Civil Rights Act of 1964. Plaintiff's motion for leave to amend is granted.

**2. King County's Motion for Summary Judgment (Docket No. 16)**

Defendant seeks summary judgment of dismissal of all of Plaintiff's claims. Plaintiff opposes Defendant's motion and seeks partial summary judgment in favor of her due process claim.

    A. *Standard of Review*

The Court shall grant summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To survive a motion for summary judgment, the adverse party must present affirmative evidence, which "is to be believed" and from which all "justifiable inferences" are to be favorably drawn. *Id.* at 255, 257. When the record, however, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, summary judgment is warranted. *See Beard v. Banks*, 548 U.S. 521, 529 (2006) ("Rule 56(c) 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'") (quoting *Celotex*, 477 U.S. at 322)). When the record, taken as a whole, could not, however, lead a rational trier of fact to find for the non-moving party on matters as to which such party will bear the burden of proof at

trial, summary judgment is warranted. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *see also Celotex*, 477 U.S. at 322.

### B. *Title VII of the Civil Rights Act of 1964*

Plaintiff's Complaint appears to bring claims for violation of Title VII of the Civil Rights Act of 1964. Complaint, docket no. 1-1, at 1, 5.[2] Plaintiff has not administratively exhausted those claims, and they are barred. *Lyons v. England*, 307 F.3d 1092, 1109 (9th Cir. 2002).

### C. *WLAD Discrimination and Retaliation*

There are material issues of fact that preclude summary judgment on discrimination based on race and retaliation.

### D. *Fourteenth Amendment Due Process Claim*

Plaintiff's due process claim will be dismissed. Plaintiff has failed to plead any facts in the complaint relating to King County's liability based on *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

Plaintiff argues for the first time in her reply brief filed on March 22, 2019 that "[a] local government entity, under section 1983 can be held liable even though a policy itself is not unconstitutional." Pltf.'s Reply, docket no. 31, at 4. While that is true as a general matter, Plaintiff's cited authority undermines her argument. To hold a local government liable for unconstitutional enforcement of an otherwise constitutional policy,

---

[2] Plaintiff has omitted the Title VII claim from her proposed First Amended Complaint. *See* docket no. 22-1.

a plaintiff must demonstrate that the government's conduct "amounts to deliberate indifference to the rights of persons" with which the government comes into contact. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989).

Plaintiff has not pled in her complaint or offered any facts tending to show the inadequacy of the County's training on these topics. Her suggestion in her reply brief is speculation, without any factual support, and which cannot survive summary judgment. *See Celotex*, 477 U.S. at 324 (requiring the "nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial'") (quoting Fed. R. Civ. Pro. 56(e)); *Anderson*, 477 U.S. at 256-57 ("[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial . . . . This is true even where the evidence is likely to be within the possession of the defendant, as long as the plaintiff has had a full opportunity to conduct discovery.").

Plaintiff's amended complaint will name the County alone as a defendant. In the absence of any facts suggesting that the County's otherwise constitutional employment practices amount to deliberate indifference, Plaintiff's due process claim must be dismissed. *See City of Canton*, 489 U.S. at 392 ("Thus, permitting cases against cities for their 'failure to train' employees to go forward under § 1983 on a lesser standard of fault would result in *de facto respondeat superior* liability on municipalities—a result we rejected in *Monell* . . . .") (citation omitted).

E.  *First Amendment*

Plaintiff has voluntarily dismissed her second cause of action for violation of her free speech rights. Pltf.'s Opp., docket no. 24, at 2.

**3.  Plaintiff's Motion for Partial Summary Judgment (Docket No. 13)**

For the reasons set forth in this Order, Plaintiff's motion is denied.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Plaintiff's Motion for Leave to Amend Complaint, docket no. 22, is GRANTED. King County will be substituted for King County Department of Transportation as the defendant. Plaintiff shall file her First Amended Complaint within ten (10) days of this Order.

(2) Plaintiff's Motion for Partial Summary Judgment re Plaintiff's Due Process Claim, docket no. 13, is DENIED.

(3) Defendant's Motion for Summary Judgment, docket no. 16, is GRANTED in part. Defendant's motion is otherwise DENIED.

(4) Remaining for trial are Plaintiff's claims for wrongful termination based on race under state law and her claim for retaliation under state law.

(5) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 11th day of April, 2019.

_Thomas S. Zilly_
Thomas S. Zilly
United States District Judge

ORDER - 10