1

2

3

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YOLANDA MADRY,

                    Plaintiff,

          v.

KING COUNTY,

                    Defendant.

C18-402 TSZ

COURT'S JURY INSTRUCTIONS

DATED this 23rd day of May, 2019.

Thomas S. Zilly
United States District Judge

INSTRUCTION NO. 1

<u>Duty of Jury</u>

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  These instructions will be in three parts: first, the instructions on general rules that define and control the jury's duties; second, the instructions that state the rules of law you must apply, <u>i.e.</u>, what the plaintiff must prove to make the case; and third, some rules for your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you must apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you and according to the law.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  And you must not read into these instructions or anything I might have said or done any suggestion as to what verdict you should return.  That is a matter entirely for you to decide.

INSTRUCTION NO. 2

<u>Unconscious Bias</u>

It is important that you discharge your duties without discrimination, meaning that bias regarding race, color, religious beliefs, national origin, sexual orientation, gender, or disability of any party, any witnesses, and the lawyers should play no part in the exercise of your judgment throughout the trial.  These are called "conscious biases."

However, there is another more subtle tendency at work that we must all be aware of.  This part of human nature is understandable but must play no role in your service as jurors.  In our daily lives, there are many issues that require us to make quick decisions and then move on.  In making these daily decisions, we may well rely upon generalities, even what might be called biases or prejudices.  That may be appropriate as a coping mechanism in our busy daily lives but bias and prejudice can play no part in any decisions you might make as a juror.  Your decisions as jurors must be based solely upon an open-minded, fair consideration of the evidence that comes before you during trial.

INSTRUCTION NO. 3

<u>Burden of Proof</u>

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.  In determining whether any fact in issue has been proved by a preponderance of the evidence, you should base your decision on all of the evidence, regardless of which party presented it.

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probably that the factual contentions of the claim or defense are true.  This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

INSTRUCTION NO. 4

<u>Evidence</u>

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits which have been received into evidence; (3) any facts to which all the lawyers have agreed or stipulated;  and (4) any facts that I may instruct you to accept as proved.

1          INSTRUCTION NO. 5

2              Stipulated Facts

3

4          During trial, the parties stipulated to certain facts.  You should consider those facts

5     in addition to other facts which were proved to you at trial.

6          1.      On April 13, 2015, Plaintiff received an offer of employment as a term-

7     limited temporary Transit Administrative Support Specialist III (TASS III) in the Transit

8     Division's Human Resources Section.  Plaintiff's start date was April 14, 2015 and the

9     work was anticipated to end no later than April 13, 2016.

10         2.      Plaintiff received an offer letter for the position of Recruiting Coordinator

11    TLT (HR Associate) on May 4, 2015.

12         3.      Plaintiff began her position as a TLT Recruiting Coordinator (HR

13    Associate) on May 11, 2015.

14         4.      Ivette Martinez Morales formally reviewed Plaintiff's work performance in

15    August of 2015.

16         5.      The TASS III position reported to Adrienne Leslie.  As an HR Associate,

17    Plaintiff's supervisor was Ivette Martinez Morales during her employment term.

18         6.      King County conducted an investigation into Plaintiff's access into

19    NEOGOV during early October of 2015.

20         7.      King County employee Susan Eddy conducted an investigation of an

21    allegation that Plaintiff misused county information technology assets.  Plaintiff was

22    suspected to have improperly used the NEOGOV applicant tracking system by accessing

23

INSTRUCTION NO. 5 (page 2)

applicant information in a recruitment for which she was an active applicant, changing

applicant status, and moving applications through examination steps.

8.   Plaintiff told employee James Moreau that King County employee, Ivette

Martinez Morales mentioned the words "race card" to her in reference to another Black

employee applying for a job by the name of Lee Jones.

9.   Plaintiff was terminated from King County on October 16, 2015.

10.   Plaintiff sought no medical, mental health, or psychiatric care between

January 26, 2015 and March 18, 2016 other than filling previously prescribed

prescriptions for medication.

11.   Plaintiff was diagnosed with Generalized Anxiety Disorder several years

ago and has been prescribed and taking medications to treat it since at least 2013.

INSTRUCTION NO. 6

<u>What is Not Evidence</u>

In reaching your verdict you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence and you may not consider them in deciding what the facts are.  I will list them for you:

1.       Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.       Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

3.       Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, if testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given.

4.       Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 7

<u>Direct and Circumstantial Evidence</u>

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 8

<u>Credibility of Witnesses</u>

In deciding the facts in this case, you might have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.      the opportunity and ability of the witness to see or hear or know the things about which the witness testified;

2.      the witness's memory;

3.      the witness's manner while testifying;

4.      the witness's interest in the outcome of the case, if any;

5.      the witness's bias or prejudice, if any;

6.      whether other evidence contradicted the witness's testimony;

7.      the reasonableness of the witness's testimony in light of all the evidence; and

8.      any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these

INSTRUCTION NO. 8 (page 2)

differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

INSTRUCTION NO. 9

<u>Liability of Persons – Scope of Authority</u>

Under the law, King County can only act through its employees, agents, directors, or officers.  King County is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

All parties are equal before the law and a county is entitled to the same fair and conscientious consideration by you as any other party.

INSTRUCTION NO. 10

<u>Notes</u>

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

INSTRUCTION NO. 11

<u>Opinion Evidence</u>

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

1

INSTRUCTION NO. 12

2

<u>Claims and Defenses</u>

3

4          To help you follow the evidence, I will give you a brief summary of the positions

5   of the parties:

6          The plaintiff, Yolanda Madry, brings this lawsuit against the defendant, King

7   County, to recover compensation for damages allegedly sustained.  The plaintiff brings

8   this action on the basis of two separate claims, asserting that:

9          1.      She was terminated from her at-will employment with King County

10  because of her race;

11         2.      She was retaliated against for opposing a discriminatory practice at work.

12         The plaintiff claims that one or more of these acts was a cause of damage.  The

13  plaintiff has the burden of proving these claims.  The defendant denies these claims and,

14  further, denies the nature and extent of the plaintiff's claimed damages.  By way of an

15  affirmative defense, the defendant contends there was a legitimate basis for terminating

16  plaintiff's employment.  Further, defendant contends plaintiff failed to mitigate damages.

17  The defendant has the burden of proof on these affirmative defenses.

18         The foregoing is merely a summary of the claims of the parties.  You are not to

19  take the same as proof of the matter claimed unless admitted by the opposing party, and

20  you are to consider only those matters that are admitted or established by the evidence.

21  These claims have been outlined solely to aid you in understanding the issues.

22

23

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 12 (page 2)

The plaintiff is asserting two claims, each of which is entitled to your separate consideration.  You must decide as to each claim whether the plaintiff is entitled to recover.  The fact that the plaintiff may be entitled to recover on one claim does not mean that the plaintiff is entitled to recover on any other claim.  Similarly, the fact that the plaintiff may not be entitled to recover on one claim does not prevent the plaintiff from recovering on any other claim.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

INSTRUCTION NO. 13

At-Will Employee

Employees are generally terminable "at-will." An at-will employee may quit or be fired for any lawful reason.  Discrimination on the basis of race and/or retaliation for opposing racial discrimination are not lawful reasons.

INSTRUCTION NO. 14

Plaintiff's First Claim:  Employment Discrimination – Disparate Treatment –

Burden of Proof

Discrimination in employment on the basis of race is prohibited.

To establish her disparate treatment claim, Yolanda Madry has the burden of proving by a preponderance of the evidence that her race was a substantial factor in King County's decision to terminate her employment.

If plaintiff proves this, she is entitled to your verdict, even if you find that King County's conduct was also motivated by a lawful reason.  If, however, King County proves by clear and convincing evidence that King County would have made the same decision even if plaintiff's race had played no role in the employment decision, your verdict should be for King County.

INSTRUCTION NO. 14A

<u>Employment Discrimination – Substantial Factor</u>

"Substantial factor" means a significant motivating factor in bringing about the employer's decision.  "Substantial factor" does not mean the only factor or the main factor in the challenged act or decisions.

1       INSTRUCTION NO. 15

2   <u>Plaintiff's Second Claim: Employment Discrimination – Retaliation</u>

3

4     It is unlawful for an employer to retaliate against a person for opposing what the

5 person reasonably believed to be discrimination on the basis of race.

6     To establish a claim of unlawful retaliation by King County, Yolanda Madry has

7 the burden of proving by a preponderance of the evidence both of the following elements:

8     1.  That Yolanda Madry was opposing what she reasonably believed to be

9 discrimination on the basis of race; and

10     2.  That a substantial factor in the decision to terminate was Yolanda Madry's

11 opposing what she reasonably believed to be discrimination.

12     If you find from your consideration of all of the evidence that both of these

13 elements have been proved, then your verdict should be for Yolanda Madry on this claim.

14 On the other hand, if any one of these elements have not been proved, your verdict should

15 be for King County.

16     As to this claim, Yolanda Madry does not have to prove that her opposition was

17 the only factor or the main factor in King County's decision, nor does Yolanda Madry

18 have to prove that she would not have been terminated but for her opposition.

19

20

21

22

23

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 16

<u>Measure of Damages</u>

It is the duty of the Court to instruct you as to the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Yolanda Madry on her first and/or second claim, you must determine her damages.  Yolanda Madry has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate Yolanda Madry for any injury you find was caused by King County.

If you find for Yolanda Madry, you should consider the following elements:

1.      The reasonable value of lost past earnings and fringe benefits, from the date of the wrongful conduct to the date of trial;

2.      The reasonable value of lost future earnings and fringe benefits; and

3.      The emotional harm to Yolanda Madry caused by King County's wrongful conduct, including emotional distress, humiliation, personal indignity, embarrassment, fear, anxiety, and/or anguish experienced and with reasonable probability to be experienced by Yolanda Madry in the future.

The burden of proving damages rests with the party claiming them, and it is for you to determine, based upon the evidence, whether any particular elements has been proved by a preponderance of the evidence.

INSTRUCTION NO. 16 (page 2)


Any award of damages must be based upon evidence and not upon speculation, guess, or conjecture.  The law has not furnished us with any fixed standards by which to measure emotional distress.  With reference to these matters, you must be governed by your own judgment, by the evidence in the case, and by these instructions.

INSTRUCTION NO. 17

Aggravation of Pre-Existing Condition

If your verdict is for Yolanda Madry, and if you find that (1) before her termination, plaintiff had a pre-existing bodily or mental condition that was causing a disability; and (2) because of her termination, the condition or the disability was aggravated, then you should consider the degree to which the condition or disability was aggravated by this occurrence.  However, you should not consider any condition or disability that may have existed prior to the termination, or from which plaintiff may now be suffering, that was not caused or contributed to by her termination.

INSTRUCTION NO. 18

<u>Damages – Future Lost Earnings</u>

In calculating damages for any lost future earnings and fringe benefits, you should determine the present cash value of the earnings and fringe benefits for a reasonable future period, decreased by any projected future earnings and benefits.

INSTRUCTION NO. 19

<u>Damages – Mitigation</u>

The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.    that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.    the amount by which damages would have been mitigated.

INSTRUCTION NO. 20

Deliberation

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. 21

<u>Reaching Agreement</u>

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination.  Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

Your verdict must be based solely on the evidence and on the law as I have given it to you in these Instructions.

INSTRUCTION NO. 22

<u>Communication with Court</u>

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court.  Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

If you send a note to me, there will be some delay in my response because I will discuss the note with the lawyers before preparing a response.

INSTRUCTION NO. 23

<u>Return of Verdict</u>

Verdict forms have been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in, date, and sign the verdict form and advise the Court that you have reached a verdict.